**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

═══════════════════════════════════

**ROBERT D. HART**
                              **Petitioner,**

                                                    **9:06-CV-1206**
              **v.**                                **(GLS/RFT)**

**TIMOTHY CORWIN, Correctional**
**Facility Commissioner**

                              **Respondent.**

═══════════════════════════════════


**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ROBERT D. HART
Petitioner, *Pro Se*
Last Known Address:
P.O. Box 620
Lafayette, New York 13084

and

Madison County Jail
P.O. Box 16
N. Court Street
Wampsville, New York 13163[1]

───────────────────────

[1] On February 23, 2007, Mail sent to the plaintiff was returned as undeliverable with a note from the Postmaster General advising the Court that the plaintiff is currently incarcerated in jail in Wampsville, New York. The note further states that the plaintiff does not have a PO Box 620 in Lafayette and does not have a proper change of address.

**FOR THE DEFENDANT:**

HON. ANDREW M. CUOMO          JODI A. DANZIG, ESQ.
Office of Attorney General          Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

**GARY L. SHARPE**
**United States District Judge**

## ORDER

The court cannot locate *pro se* plaintiff, Robert D. Hart.  Accordingly,

it considers *sua sponte* Hart's noncompliance with this Districts Local

Rules by failing to notify the court of his current address and by not

prosecuting his action.

On October 10, 2006, Hart filed a petition for a writ of habeas

corpus.  *See Dkt. No.* 1. On November 28, 2006, the court issued an order

directing a response to the Habeas Corpus Petition.  The order further

advised the petitioner of his obligation to notify the court of any change of

address.  Furthermore, he was warned that his failure to comply with this

rule could result in the dismissal of his action.  *See L.R. 41.2(b)*.  More

specifically, the court mailed him an order which provided, *inter alia*:

**Petitioner is also required to promptly notify the Clerk's**

2

**Office and counsel for the respondent of any change in his address; his failure to do same will result in dismissal of the action.**

*See Order, Dkt. No.* 5 (emphasis in the original).   In fact, while this litigation has been pending, Hart acknowledged this obligation by filing a change of address on November 20, 2006. *See Dkt. No.* 4*.*

On February 23, 2007, a Court notice was sent to all parties advising of the option to consent to the jurisdiction of a U.S. Magistrate Judge.  *See Dkt. No.* 9*.*  Hart's copy of the notice was mailed to his last known address, but returned from the Postmaster General advising the Court that the plaintiff is currently incarcerated in jail in Wampsville, New York. The note further stated that the plaintiff does not have a P.O. Box 620 in Lafayette and does not have a proper change of address.  *See Dkt. No.* 10*.*

On April 11, 2007, the court issued an order directing Hart to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order.  *See Dkt. No.* 16. The court warned Hart that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). Hart's copy of the order was mailed to his last known addresses, but returned as Returned to Sender - Refused - Unable to Forward.  *See Dkt. No.* 17*.*

3

Despite his knowledge of his obligation to apprise the court of his current address and the consequences of failing to do so, Hart has not complied with the court's April 11 order.

Hart's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. Courts in the Northern District of New York have dismissed law suits brought by *pro se* plaintiffs for failure to provide a current address. *See Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Williams v. Faulkner*, 95-CV-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that Hart's petition for writ of habeas corpus is **DISMISSED** for failure to notify the court of his current address, for failure to prosecute, and for failure to comply with this court's April 11 order; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

4

**ORDERED** that the Clerk serve plaintiff at his last known address.


**Dated: May 11, 2007**
       **Albany, NY**

Gary L. Sharpe
U.S. District Judge